UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SMOKEY ALLEY FARM PARTNERSHIP, et al. | )<br>)<br>) |
| Plaintiffs, | ) Cause No. 4:17-cv-02031-JMB<br>) |
| v. | )<br>) |
| MONSANTO COMPANY, et al. | )<br>) |
| Defendants. | ) |

**BASF CORPORATION'S RESPONSE TO PLAINTIFFS'
MOTION TO STAY PROCEEDINGS**

BASF Corporation, through its undersigned counsel, hereby submits its response to Plaintiffs' Motion to Stay Proceedings.

1. A district court has broad discretionary authority whether to issue stays as a mechanism for controlling its docket. *See Clinton v. Jones*, 520 U.S. 681,706 (1996); *Lunde v. Helms,* 898 F.2d 1343, 1345 (8th Cir. 1990). The court's discretion is not, however, without bounds. *See Clinton v. Jones* at 707 (explaining that the district court should not defer trial without taking into account "the respondent's interest in bringing the case to trial"). The proponent of a stay must establish that stay is needed. *Id*. "A putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." *Spears v. Fresenius Medical Care N. Am., Inc*., No. 4:13-CV-855, 2013 WL 2643302, at *2 (E.D. Mo. June 12, 2013) (quoting *T.F. v. Pfizer, Inc*., No. 4:12CV1221, 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012)).

1

2.  BASF opposes a stay of these proceedings pending a resolution of the motion to consolidate by the Judicial Panel for Multidistrict Litigation ("JPML").[1] Such a stay would create inefficiencies for the Courts and parties without offering any potential benefits.

3.  As an initial matter, BASF intends to oppose the consolidation of these cases in an MDL because they are based on different state law claims that require extensive individual discovery. Discovery in these cases will necessarily be conducted on a field-by-field basis to understand a multitude of variables, including, for example: (i) the alleged symptomology expressed in each individual field; (ii) the agronomic practices followed in each field; (iii) the chemicals that were applied in each field, including at the rates, tank mix, application methods, timing, and weather conditions of each application; (iv) the application of any neighboring fields within a potential drift range, including all the same application variables; (v) any alleged yield loss on the field; (vi) how the alleged yield loss compares to the historic production of the field; and (vii) an investigation of a nearly endless list of other causes of any potential yield loss, including soil conditions, weed and insect control, irrigation, weather patterns, the presence of disease, and the potential for damage caused by other crop protection chemicals. In short, BASF believes the consolidation of these cases in an MDL is unlikely because it would do little, if anything, to promote the efficient resolution of these cases.

4.  But regardless of how the JPML rules, staying these proceedings will not create judicial economy.

---

[1] The JPML's Rules likewise are designed to maintain the flexibility of potential transferor courts to control the docket of cases which potentially could be subject of transfer pursuant to 28 U.S.C. § 1407. For instance, Rule 2.1 provides that "[t]he pendency of a . . . conditional transfer order . . . does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."

5. First, and most fundamentally, even if the cases are consolidated it does not mean, as Plaintiffs argue, "that once centralized, the court will ask the parties to present a new consolidated amended complaint, which would become the operative pleading to be ruled on in future Rule 12(b)(6) proceedings." (ECF 61 at 6). To the contrary, "[t]he transfer under [28 U.S.C.] § 1407, even after the filing of an amended complaint, is only a change in courtrooms." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 489 F. Supp. 2d 932, 936 (D. Minn. 2007). Although "master complaints" are a potential tool to promote the administration of MDLs, they cannot take the place of individual complaints without the consent of ***all*** parties.[2]

6. Because BASF would oppose the use of a "master complaint," even if this case is transferred it would not moot BASF's pending motion to dismiss. Even if a MDL is ordered, if the pending motions to dismiss the individual Complaints and the adequacy of pleading on state law claims are addressed in advance, it would only assist in the efficient administration of any MDL. In addition, since BASF would oppose the use of a "master complaint," BASF would be prejudiced by any stay of briefing on a motion to dismiss that would deprive BASF of its ability "to respond specifically and quickly to the potentially damaging allegations" in the Amended Class Complaint. *See Drobnak v. Andersen Corp.*, 561 F. 3d 778, 783 (8th Cir. 2009) (affirming

---

[2] *See, e.g.*, *In re Conagra Peanut Butter Prods. Liab. Litig.*, 251 F.R.D. 689, 693 (N.D. Ga. 2008) ("A master complaint . . . is generally used as a substantive pleading ***only*** when the parties have consented to such an arrangement." (emphasis added)); *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 904 n.3 (2015) (noting the "[p]arties ***may elect*** to file a 'master complaint' and a corresponding 'consolidated answer.'" (emphasis added)); *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 454 (E.D. La. 2006) (stating that even when the parties agree to a master complaint, it is simply "an administrative device used to aid efficiency and economy and, thus, should not be given the status of an ordinary complaint."); *In re Digitek Prods. Liab. Litig.*, No. 2:08-md-1968, 2009 U.S. Dist. LEXIS 113947, *101-102 (S.D. W. Va. Aug. 3, 2009) ("MDL courts have observed generally that a master complaint should not be given the same effect as an ordinary complaint. Instead, it should be considered as only an administrative device to aid efficiency and economy." (quotation omitted)).

3

grant of motion to dismiss amended class complaint for failure to provide defendant adequate notice of the nature of plaintiffs' allegations).

7. Moreover, there is a distinct possibility that if the cases are consolidated, the JPML may ask a Court in the Eastern District of Missouri to accept the transfer.  Plaintiffs' counsel in the present case has in fact indicated their intent to seek assignment of any MDL to the Eastern District of Missouri.  As Plaintiffs point out, two of the cases subject to the *Warren* motion to transfer pending before the JPML are already before Judge Limbaugh in the Eastern District of Missouri.  *See Bader Farms, Inc., et al. v. Monsanto, Co.*, et al., No. 1:16-CV-299-SNLJ (E.D. Mo. 2016); *Landers, et al. v. Monsanto Co.*, et al., No. 1:17-CV-20-SNLJ  (E.D. Mo. Aug. 2017).

8. For its part, while BASF will oppose consolidation, it will recommend that if the cases are consolidated, they should be transferred to either the Eastern District of Missouri or the Eastern District of Arkansas.

9. Finally, if this case is transferred, it would help the transferee court to have BASF's motion to dismiss fully briefed and considered.  If the cases are consolidated and transferred, the transferee court will inevitably be inundated with a variety of procedural issues.  Asking it to also end an indefinite stay and set a briefing schedule for pending motions to dismiss is unnecessary and inefficient.  If this case is transferred, it should be with as few outstanding issues of application of state law as possible.[3]  *See, e.g*, *Dunlap v. Gen. Motors, LLC,* No. 16-01060-cv-W-RK, 2016 WL 7391049 (W.D. Mo. Dec. 21, 2016) ("[T]here is no judicial

---

[3] Briefing on pending motions to dismiss is ongoing in at least four of the other cases subject of the current motion to transfer.  *See*, *Bader Farms, Inc. v. Monsanto, Co.*, et al., No. 1:16-CV-299-SNLJ (E.D. Mo. 2016); *Landers v. Monsanto Co.*, et al., No. 1:17-CV-20-SNLJ  (E.D. Mo. Aug. 2017); *Bruce Farms Partnership, et al. v. Monsanto Co., et al.*, No. 3:17-cv-00154-DPM (E.D. Ark.);  *Claassen, et al. v. Monsanto Co.*, et al, No. 6:17-cv-01210 (D. Kan. Aug. 2017).

4

economy to be obtained by reserving this unique issue raised by the [pending motion] for resolution by the MDL."); *J.C. v. Pfizer. Inc.*, No. 3:12-cv-04103, 2012 WL 4442518, at *11 (S.D. W.Va. Sept. 25, 2012) ("Although transferee courts can and do consider remand motions in cases transferred to MDL, . . .  In this case, the Court denies the motion to stay and will address the [pending] motions . . . ."); *Walker v. DePuy Orthopaedics. Inc.*, No. 3:11-cv-02291, 2011 WL 4851197, at *4-7 (D.S.C. Oct. 12, 2011) (denying motion to stay pending transfer to JPML).

WHEREFORE BASF requests that the Court deny Plaintiffs' request for an indefinite stay of the proceedings in this case.

Dated:  December 14, 2017

>FAEGRE BAKER DANIELS LLP
>2200 Wells Fargo Center
>90 South Seventh Street
>Minneapolis, MN 55402
>Telephone:  (612) 766-7000
>Facsimile:  (612) 766-1600
>john.mandler@FaegreBD.com
>
>By: */s/ John P. Mandler*
>         John P. Mandler
>
>HEPLER BROOM LLC
>Troy A. Bozarth – 5209515
>Thomas J. Magee – 32871MO
>Charles N. Insler – 58623MO
>One Metropolitan Square
>211 North Broadway, Suite 2700
>St. Louis, MO  63102
>Phone:  314-241-6160
>Fax:     314-241-6116
>
>*Attorneys for Defendant BASF Corporation*

## **CERTIFICATE OF SERVICE**

      I certify that on the December 14, 2017, I electronically filed a true and correct copy of the foregoing Motion to Dismiss Under Fed. R. Civ. 12(b)(2) and 12(b)(6) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.


                                                                     */s/* John P. Mandler
                                                                     John P. Mandler