**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| SMOKEY ALLEY FARM PARTNERSHIP, et al. | ) ) ) | |
| Plaintiffs | ) | Cause No. 4:17-cv-02031-JMB |
| v. | ) ) | |
| MONSANTO COMPANY, et al. | ) ) | |
| Defendants | ) | |

**DEFENDANTS E. I. DU PONT DE NEMOURS AND COMPANY'S
AND PIONEER HI-BRED INTERNATIONAL, INC.'S MEMORANDUM IN
<u>OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS</u>**

Defendants E. I. du Pont de Nemours and Company ("DuPont") and Pioneer Hi-Bred International, Inc. ("Pioneer") submit this Memorandum in Opposition to Plaintiffs' Motion to Stay Proceedings (the "Motion") [Doc. 60].

## <u>INTRODUCTION</u>

In the Motion and the accompanying Memorandum in Support [Doc. 61], Plaintiffs request a stay of all proceedings in this case pending a decision by the Judicial Panel on Multidistrict Litigation's (the "JPML")on a motion to transfer and consolidate this and other dicamba cases (the "MDL Motion"). DuPont and Pioneer intend to file a response in opposition to the MDL Motion with the JPML on December 22, 2017, and they believe good bases exist for the JPML to deny the MDL Motion. Regardless of the outcome of the MDL Motion, this Court should deny the instant Motion for several reasons. First, Plaintiffs fail to show they will suffer any hardship or inequity if this matter is not stayed. Second; DuPont, Pioneer, and the other Defendants will be prejudiced if the Court enters a stay because the briefing on the Defendants' forthcoming Motions to Dismiss Plaintiffs' Amended Complaint will be delayed, which will in turn delay the resolution of the

Defendants' Motions to Dismiss.  Third, denying the requested stay actually furthers the interests of judicial economy because it will allow Defendants' forthcoming Motions to Dismiss to be fully briefed and then ruled upon by whichever Court then has the case.

The present case is in its very early stages.  No scheduling conferences have been set, and discovery has not commenced.  Defendants' responses to Plaintiffs' Amended Complaint are due next Monday, December 18, 2017.  DuPont, Pioneer, and the other Defendants intend to file Motions to Dismiss.  Plaintiffs' response(s) to those motions would be due on or about December 26, 2017.  Given the holidays, the length of the Complaint, and the number of claims, among other things, DuPont and Pioneer anticipate that Plaintiffs will request additional time to file their response.  After Plaintiffs file their response(s), the Defendants will have the right to file replies in support of their Motions to Dismiss.  Again, additional time may be needed.  As a practical matter, then, the only substantive actions likely to take place in this case before February 2018 will be the briefing on Defendants' Motions to Dismiss (unless the Court elects to proceed with scheduling or other matters).

Plaintiffs state that they "expect the JPML to hear the MDL Petition during the January 25, 2018, hearing session and issue a decision shortly thereafter."  [Doc. 61 at 1].  Based on the timing of the expected decision, there is no reason for this Court to issue a stay at this time because the briefing on the Defendants' Motions to Dismiss will have to be completed whether this case is transferred or not and the decision on the MDL Motion is expected close in time to when the briefing on the Motions to Dismiss will be completed.  Accordingly, a stay serves no purpose at this stage other than to prejudice Defendants, and the Court should deny the instant Motion.

## ARGUMENT

A case is not automatically stayed merely because a party has moved the JPML for transfer and consolidation.  Jozwiak v. Stryker Corp., No. 609-CV-1985-ORL19GJK, 2010 WL 147143, at *2 (M.D. Fla. Jan. 11, 2010).  Indeed, the JPML's own rules state:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 *does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.*

J.P.M.L. Rule 2.1 (emphasis added).  Accordingly, other judges in this District have recognized there is no reason to halt proceedings just because a party has moved the JPML for transfer and consolidation.  See Spears v. Fresenius Med. Care N. Am., No. 13-cv-855, 2013 WL 2643302, at *1 (E.D. Mo. June 12, 2013) ("a putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed") (quoting T.F. v. Pfizer, Inc., No. 12-cv-1221, 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012)).

To determine whether to order a stay pending a requested transfer, courts consider the following factors:  "'(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources.'"  Grossbard v. Security Am. Fin. Corp., No. 8:09CV350, 2010 WL 702271, at *2 (D. Neb. Feb. 23, 2010) (quoting Benge v. Eli Lilly & Co., 553 F. Supp. 2d 1049, 1050 (N.D. Ind.2008)).  For a stay to be issued, the movant "must 'demonstrate a clear case of hardship or inequity' if there is even a 'fair possibility' that the stay would work damage on another party."  Jozwiak, 2010 WL 147143, at *2 (quoting Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1076 (3d Cir. 1983)).

In this case, Plaintiffs will suffer no hardship or inequity if the stay is denied.  Indeed, after mentioning this factor, Plaintiffs fail to argue any hardship or inequity.  [*See* Doc. 61 at 6].

Moreover, judicial economy favors denying the stay, because the only actions likely to take place through the date of a decision on the MDL Motion will be the briefing on the Defendants' forthcoming Motions to Dismiss—briefing that must be completed regardless of the JPML's decision. Courts have denied motions to stay in similar circumstances.  For example, in <u>Guerrero v. Target Corp.</u>, the court denied a motion to stay a case pending a motion to consolidate and transfer before the JPML, finding the stay was "not warranted."  No. 12-21115-CIV, 2012 WL 2054863, at *1 (S.D. Fla. June 7, 2012).  The court stated that the "Defendant must respond to the complaint regardless of whether the case is ultimately transferred to an MDL" and the "Defendant will not be harmed by continued briefing of its own motion to dismiss."  <u>Id.</u> (citing <u>Barber v. BP, PLC</u>, No. 10–0263–WS–B, 2010 WL 2266760, at *2 (S.D. Ala. June 4, 2010), which denied motion to stay because "there is no reason in the world why defendants cannot file responsive pleadings prior to the MDL's determination on the pending transfer and consolidation issues").  In <u>Wright Transp., Inc. v. Pilot Corp.</u>, the court denied the defendants' motion to stay proceedings pending the approval of a nationwide class settlement or the determination of the JPML regarding a motion to transfer or consolidate because it was premature.  No. CIV.A. 1:13-00352-N, 2013 WL 4457416 (S.D. Ala. Aug. 19, 2013).  The court stated:

> Regardless of the outcome of the proposed Global Settlement . . . or whether and where the JPML ultimately transfers this action for consolidated and coordinated pretrial proceedings, defendants will need to file answers or responsive pleadings. Should any of those defendants see fit to file Rule 12(b) motions, those motions will need to be briefed. Entering a stay at this juncture and under these circumstances would not rescue defendants from material hardship or the risk of inconsistent adjudications; after all, they must answer the Complaint anyway, and the likelihood of adjudication of any merits issues prior to "the fairness hearing scheduled for November 25, 2013" (doc. 13 at 6) appears quite slim. By all appearances, the only tangible effect of entering a stay at this time would be to allow defendants a reprieve before being required to answer the allegations brought by plaintiffs in the Complaint.

<u>Id.</u> at *2.

4

The reasoning in <u>Guerrero</u> and <u>Wright</u> applies here.  Plaintiffs' Motion is, at best, premature, and a stay is unwarranted.  Defendants' forthcoming Motions to Dismiss will need to be briefed regardless of the JPML's decision, and the likelihood of the adjudication of those motions prior to the JPML's decision is slim.  Under these circumstances, Plaintiffs will suffer no hardship or inequity, and judicial economy favors denying the stay to allow the parties to brief Motions to Dismiss that must be briefed regardless of whether the case is transferred.

In contrast, Defendants will be prejudiced if a stay is entered.  DuPont, Pioneer, and the other Defendants have an interest in having their forthcoming Motions to Dismiss fully briefed and heard in a timely fashion.  <u>See</u> <u>Drobnak v. Andersen Corp.</u>, 561 F.3d 778, 783 (8th Cir. 2009) (recognizing a defendant's interest in responding "specifically and quickly to . . . potentially damaging allegations").  A stay at this stage only serves to delay that briefing and the ultimate decision on Defendants' Motion.  Defendants will file their Motions to Dismiss in just a few days.  If the Court then enters a stay order, Plaintiffs would have the benefit of an unjustified reprieve of an indefinite amount of time before being required to respond (to a date well after the JPML's January 25, 2018 hearing), the Defendants' undoubtedly would need to reply in comparatively short order, and whichever court has the case will not have the full briefing to begin reviewing until a much later date.  If this Court denies the stay, however, the Motions to Dismiss will be fully briefed and this Court (or the transferee court) will be in a position to analyze and resolve the Motions to Dismiss without undue delay.

Plaintiffs incorrectly speculate that if the cases are transferred and centralized, "the [transferee] court will ask the parties to present a new consolidated amended complaint, which would become the operative pleading to be ruled on." [Doc. 61 at 9].  As Defendant BASF Corporation already has noted, all parties to an MDL must consent before a "master complaint"

can take the place of individual complaints.  [*See* Doc. 65 at 3 & n.2] [citing In re ConAgra Peanut Butter Prods. Liab. Litig., 251 F.R.D. 689, 693 (N.D. Ga. 2008); Gelboim v. Bank of Am. Corp., 135 S. Ct. 897, 904 n.3 (2015); In re Vioxx Prods. Liab. Litig., 239 F.R.D. 450, 454 (E.D. La. 2006); In re Digitek Prods. Liab. Litig., No. 2:08-md-1968, 2009 U.S. Dist. LEXIS 113947, *101-102 (S.D. W. Va. Aug. 3, 2009)].  DuPont and Pioneer, like BASF, would not consent to the use of a master complaint in the dicamba cases.  Given the circumstances unique to each Plaintiff and Plaintiffs' current Complaint—which spans 239 pages, includes 1,282 paragraphs, and attaches 102 exhibits—Defendants believe a master complaint would be unworkable.

The only other substantive argument Plaintiffs appear to make are that they believe the case should be consolidated for pre-trial proceedings and there is a risk of inconsistent decisions in the cases at issue in the MDL Motion.  [Doc. 61 at 1, 6-9].  As indicated above, a *potential* consolidation, by itself, does not warrant a stay, and many courts have denied such requests based on the standards set forth above.  See Grossbard, 2010 WL 702271 at *2; see also Wright Transp., 2013 WL 4457416 at *2 13); Guerrero, 2012 WL 2054863, at *1; Sullivan v. Cottrell, Inc., No. 11-cv-1076, 2012 WL 694825, at *5 (W.D.N.Y. Feb.29, 2012); Wise v. Blair LLC, No. 09-cv-871, 2010 WL 529442, at *1 (S.D. Ill. Feb. 10, 2010) (denying motion to stay, but noting that court would "closely monitor future orders from the JPML").  In addition, there is no risk of any inconsistent decision relative to other cases where a decision on the Motion to Dismiss likely will not occur prior to the JPML's decision on the MDL Motion.

Even if the parties complete the briefing on the Motion to Dismiss and the JPML does not render a decision soon thereafter, Plaintiffs could ask this Court to revisit this issue at that time. Defendants believe the Court should still deny a stay in that event on the grounds that it would be appropriate for this Court to consider and rule upon Defendants' Motion to Dismiss because it

raises several issues particular to this case.  As stated in the Manual for Complex Litigation (Fourth) § 20.131:

> When notified of the filing of a motion for transfer . . . matters such as motions to dismiss or to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the JPML acts on the motion to transfer. The JPML has sometimes delayed ruling on transfer to permit the court in which the case is pending to decide critical, fully briefed and argued motions.

See also David H. Herr, MULTIDISTRICT LITIGATION MANUAL § 3:15 (stating that "[p]otential transferor courts also frequently deny requests for a stay, recognizing that there is no reason to delay deciding many motions that may arise or be pending at the time possible MDL transfer comes up").  Regardless, a stay is not appropriate at this time given the current status of this case.

## CONCLUSION

Plaintiffs will suffer no hardship or inequity if the requested stay is denied, the Defendants will be prejudiced if a stay is granted, and judicial economy favors denying the stay and allowing the parties to proceed to brief the forthcoming Motions to Dismiss.  The Court should therefore deny Plaintiffs' Motion to Stay Proceedings.

Dated:  December 15, 2017                    Respectfully submitted,

**LEWIS RICE LLC**

By: /s/ C. David Goerisch
    C. David Goerisch, #48418MO
    R. Bradley Ziegler, #57447MO
    600 Washington Avenue, Suite 2500
    St. Louis, Missouri 63101-1311
    Telephone:  (314) 444-7600
    Facsimile: (314) 241-6056
    Email: dgoerisch@lewisrice.com
          bziegler@lewisrice.com

    and

John M. Johnson, #731852AL (*pro hac vice*)
Jeffrey P. Doss, #421262AL (*pro hac vice*)
Amie A. Vague, # 411346AL (*pro hac vice*)
LIGHTFOOT FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
Telephone:  (205) 581-0700
Facsimile:  (205) 581-0799
Email: jjohnson@lightfootlaw.com
          jdoss@lightfootlaw.com
          avague@lightfootlaw.com

*Attorneys for Defendants E. I. du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of December, 2017, the foregoing was filed via the ECF/CM system with the Clerk of the Court and which will serve Notice of Electronic Filing upon counsel of record via electronic mail.

/s/ C. David Goerisch                 .