UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SMOKEY ALLEY FARM PARTNERSHIP, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:17 CV 2031 JMB |
| MONSANTO COMPANY, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Stay Proceedings Pending Resolution of Motion for Transfer of Related Actions Pursuant to 28 U.S.C. § 1407 by the Judicial Panel on Multidistrict Litigation ("JPML") (ECF No. 60). Defendant BASF Corporation ("BASF") filed a Response in Opposition (ECF No. 65), Defendants E.I. Du Pont De Nemours and Company and Pioneer Hi-Bred International, Inc. ("Du Pont and Pioneer") filed a joint Memorandum in Opposition (ECF No. 69), and Defendant Monsanto Company ("Monsanto") filed a separate Memorandum in Opposition (ECF No. 69) (collectively "Defendants"). Plaintiffs filed a Reply (ECF No. 79) thereto. The motion is fully briefed and ready for disposition. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Court denies Plaintiffs' motion to stay.

Plaintiffs move to stay the proceedings in this case, the briefing of the motions to dismiss, pending resolution of the motion to transfer and consolidate this action with eight other dicamba cases by the JPML. Defendants oppose the motion to stay, arguing that transfer to the

1

Multidistrict Litigation ("MDL") is not appropriate, and regardless of the JPML's decision, the motions to dismiss will need to be briefed.

## I. BACKGROUND

On July 19, 2017, Plaintiffs Smokey Alley Farm Partnership, Amore Farms, JTM Farms Partnership, Kenneth Loretta Qualls Farm Partnership, Qualls Land Co., McLemore Farms LLC, and Michael Baioni filed their Class Action Complaint, asserting Sherman Act, Lanham Act, products liability, trespass, public nuisance, strict liability, negligence, Arkansas' Deceptive Trade Practices Act, and civil conspiracy claims with allegations relating to seed products and three different herbicides. (ECF No. 1) On October 13, 2017, Defendants filed three separate motions to dismiss Plaintiffs' Complaint. (ECF Nos. 43, 45, and 47) Rather than opposing the motions to dismiss, Plaintiffs filed an amended complaint on November 3, 2017, expanding their claims and the number of states involved, terminating party defendant DuPont Pioneer, and adding numerous plaintiffs to the putative class action.

Plaintiffs' claims in the amended complaint include alleged violations of federal and state antitrust laws, state tort claims under five different states' laws, and alleged Lanham Act violations. On December 12, 2017, Plaintiffs filed their Motion to Stay. (ECF No. 60) On December 18, 2017, Defendants once again filed separate motions to dismiss. (ECF Nos. 72, 74, and 76)

## II. LEGAL STANDARD

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936); see also Contracting Nw, Inc. v. City of Fredricksburg, 713 F.2d 382, 387 (8th Cir. 1983) (noting that district courts have "inherent power to grant [a] stay in order to control its

docket, conserve judicial resources, and provide for a just determination of the cases pending before it."); Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under Landis."); Capitol Indem. Corp. v. Haverfield, 218 F.3d 872, 874 (8th Cir. 2000). In evaluating a potential stay, the Court must "weigh competing interests and maintain an even balance." Landis, 299 U.S. at 255. A court need not automatically stay a case merely because a party has moved the MDL for transfer and consolidation. Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); MDL Rule 1.5 (pendency of a motion does not affect pretrial proceedings in district court and does not limit pretrial jurisdiction of the court). The party seeking a stay must "make out a clear case of hardship or inequity." Id. The burden is on the party "seeking to delay the usual course of discovery and trial." Jones v. Clinton, 72 F.3d 1354, 1364 (8th Cir. 1986) ("Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward."). Accordingly, the court must balance the consequences of imposing a stay on the opposing party against the consequences of proceeding on the movant. Id.

In determining whether a stay is appropriate under the circumstances, the Court should consider three factors: "(1) potential prejudice to the nonmoving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Witherspoon v. Bayer Healthcare Pharmaceuticals, Inc., 2013 WL 6069011, at *2 (E.D. Mo. Nov. 18, 2013) (quoting Rivers, 980 F. Supp. at 1360). "Courts consider other factors as well, including efficiency concerns such as 'the prospect of narrowing the factual and legal issues in the proceeding.'" U.S. Bank Nat'l Ass'n v. Moses, 2016 WL 7178750, *2 (E.D. Mo. Dec. 9, 2016) (quoting Simmons v. GlaxoSmithKline, LLC, 2015 WL 6063926, at *1 (E.D. Mo. Oct. 14, 2015)).

3

### III. MOTION TO STAY AND RESPONSIVE PLEADINGS

On December 12, 2017, Plaintiffs filed the instant Motion to Stay. (ECF No. 60) Assuming the JPML will consolidate the cases, Plaintiffs contend a temporary stay pending the decision on the MDL petition is appropriate to avoid the risks of inconsistent decisions and briefing dispositive motions that are unlikely to be addressed by the JPML. Plaintiffs indicate that they will support consolidation of the cases in the MDL.[1] Plaintiffs argue that it is in the interest of judicial economy and efficiency to stay the case because "[i]f the JPML grants the motion to consolidate, the MDL court will decide many of the same issues this Court would be required to decide if a stay is not issued." (ECF No. 61 at 6) Plaintiffs also assert that no party will be prejudiced by a stay in this case.

In its opposition (ECF No. 65), BASF argues that, regardless of how the JPML rules, staying the instant case will not create judicial economy but create inefficiencies for the courts and the parties. BASF intends to oppose the consolidation of the cases in the MDL, asserting that the cases are based on different state law claims that will require extensive individual discovery. BASF opposes the use of a master complaint[2] so that even if this case is transferred,

---

[1] Defendants indicate that they will oppose the consolidation of the cases in the MDL because they are based on different state law claims. (ECF Nos. 65 at 2, 69 at 1, and 71 at 3)

[2] The Supreme Court has stated that "[c]ases consolidated for MDL pretrial proceedings ordinarily retain their separate identities." Gelboim v. Bank of Am. Corp., __ U.S. __, 135 S.Ct. 897, 904 (2015). Nonetheless,

> [p]arties may elect to file a 'master complaint' and a corresponding consolidated answer,' which supersede prior individual pleadings. In such a case, the transferee court may treat the master pleadings as merging the discrete actions for the duration of the MDL pretrial proceedings. No merger occurs, however, when 'the master complaint is not meant to be a pleading with legal effect but only an administrative summary of the claims brought by all the plaintiffs.'

BASF argues that the transfer will not moot the pending motion to dismiss, and BASF will be prejudiced by any resulting delay in the briefing of the motion and the resolution of the motion to dismiss.

In its opposition (ECF No. 71), Monsanto argues that transfer to the MDL is not appropriate and far from certain. Monsanto next argues that even if an MDL were established, a consolidated complaint will not be required. Further, Monsanto will oppose such filing and, Monsanto argues that the filing of a master complaint is generally used as a substantive pleading, requiring the consent of all parties. Next, Monsanto contends that Plaintiffs fail to make a clear case of hardship or inequity by having to respond to Monsanto's motion to dismiss because whether the issues are briefed in an MDL or before this Court, Plaintiffs will have to file a responsive pleading. Finally, Monsanto argues that judicial economy does not support a stay because if the case is transferred, the transferee court will benefit by having the motion to dismiss fully briefed.[3]

In its opposition (ECF No. 69), Du Pont and Pioneer argue that Plaintiffs will not suffer any hardship or inequity if this action is not stayed. DuPont and Poineer assert that they will be prejudiced if the Court enters a stay because the briefing of the motion to dismiss will be delayed. DuPont and Pioneer also assert that judicial economy favors denying the stay because most likely the only actions to take place prior to the MDL's determination on the transfer and consolidation motions will be the briefing on the motions to dismiss, and this briefing must be completed regardless of the JPML's decision.

---

Id. at 905 n.3 (quoting In re Refrigerant Compressors Antitrust Litig., 731 F.3d 586, 590 (6th Cir. 2013)) (internal citation omitted).

[3] The Court notes that Monsanto has agreed "to a stay of *discovery* while dispositive motions are briefed, but briefing on *motions* should not be delayed." See ECF No. 25 at 1 (emphasis in original).

5

In their Reply (ECF No. 79), Plaintiffs maintain that the formation of an MDL will moot the pending motions to dismiss because a consolidated complaint will most likely be filed. Plaintiffs contend they will experience hardship in expending time, money, and resources filing responsive briefs that could be repeated in a few months. Finally, Plaintiffs argue judicial economy dictates a stay should be entered because the pending motions to dismiss will most likely be denied inasmuch as similar arguments have been made and rejected in related cases also subject to the MDL transfer motion. See Bader Farms, Inc. v. Monsanto Co., Cause No. 1:16 cv 299 SNLJ (ECF No. 61) (E.D. Mo. June 29, 2017) (denying as moot the converted motion for summary after granting leave to file an amended complaint); Landers v. Monsanto Co., Cause No. 1:17 cv 20 SNLJ (ECF No. 20) (E.D. Mo. Aug. 17, 2017) (denying in part and granting in part motion to dismiss).

## IV. DISCUSSION

The available record shows that Plaintiffs in Warren, et al. v. Monsanto Company, et al., Cause No. 3:17-00973 (S.D. Ill.), have filed a motion to transfer this case to the MDL and to consolidate the case with eight others,[4] In re Dicamba Herbicides Litigation, MDL No. 2820 (Nov. 22, 2017)[5] and the JPML has scheduled oral argument on January 25, 2018. "'A putative

---

[4] Warren, et al. v. Monsanto Co., et .al., Cause No. 3:17 cv 973 (S.D. Ill.), Whitehead Farms, et al. v. Monsanto Co., et al., Cause No. 2:17 cv 168 (E.D. Ark.), Bruce Farms Partnership, et al. v. Monsanto Co., et al., Cause No. 3:17 cv 154 (E.D. Ark.), Classen, et al. v. Monsanto Co., et al., Cause No. 6:17 cv 1210 (Ks.), Bader Farms, Inc., et al. v. Monsanto Co., et al., Cause No. 1:16 cv 299 SNLJ (E.D. Mo.), Landers, et al. v. Monsanto Co., et al., Cause No. 1:17 cv 20 SNLJ (E.D. Mo.), Cow-Mil Farms, Inc. v. Monsanto Co., 4: 17 cv 2386 AGF, and Harris v. Monsanto Co., et al., 3:17 cv 5262 (W.D. Mo.).

[5] Even if this case is conditionally transferred to the MDL 2820 proceeding, that does not, in and of itself, divest this Court of its power to rule a motion to dismiss. "The pendency of a … conditional transfer order … does not affect or suspend orders and pretrial proceedings in any

transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on the grounds that an MDL transfer motion has been filed.'" Edmonson v. Pfizer, Inc., 2017 WL 492829, *1 (E.D. Mo. Feb. 7, 2017) (quoting Spears v. Fresenius Med. Care N. Am., Inc., 2013 WL 2643302, at *1 (E.D. Mo. June 12, 2013)) (denying motion for stay).

The Court considers the three factors necessary for determining whether to stay proceedings, specifically, potential prejudice to the non-moving party, hardship to the moving party, and conservation of judicial resources.

The Court first considers judicial economy interests. According to Plaintiffs, the common facts give rise to common and overlapping causes of action while Defendants argue that the issues in the proposed MDL cases are not common. This Court need not determine the likelihood of transfer and consolidation, inasmuch as those determinations will be made by the MDL panel. It does appear at least plausible that the MDL panel will accept transfer and, in any event, that the MDL will make its determination in the near future.[6] If the period between now and the MDL panel decision is short, as Plaintiffs assert, the potential for related motion practice is insignificant inasmuch as the only substantive actions likely to take place will be the briefing of Defendants' motions to dismiss, and such briefing must take place regardless of whether the case is transferred. In any event, the Court may address such issues as they arise to avoid an unnecessary stay at this time and the possibility of future inconsistent obligations for the parties.

---

pending federal district court action and does not limit the pretrial jurisdiction of that court." JPML Rule of Procedure Rule 2.1 (d).

[6] According to Plaintiffs, the MDL panel is scheduled to meet on January 25, 2018, and a decision is expected in the near future. Defendants have not disputed this assertion. Based on the current briefing schedule for the motions to dismiss, the earliest these motions would be ripe for adjudication would be February 20, 2018, three weeks after the scheduled oral argument.

Thus, what activity is likely to occur before the MDL panel issues its decision will not be useless. Accordingly, the Court finds that the effect of a stay upon judicial economy and efficiency weighs in favor of denying the request for a temporary stay pending a decision by the MDL panel.

The Court next considers the hardship or inequity to Plaintiffs if the stay is not granted. The parties disagree about the appropriateness of a transfer to the MDL so a transfer is not a given. Although Plaintiffs claim hardship because they would be required to file responsive pleadings to the motions to dismiss in this action, the Court finds that the hardship is speculative. Plaintiffs argue that briefing the motions to dismiss at this stage of the litigation is a hardship and not an efficient use the parties' time or resources asserting that if the cases are transferred and centralized, "the [transferee] court will ask the parties to present a new consolidated amended complaint, which would become the operative pleading to be ruled on." (ECF No. 61 at 9) Although Plaintiffs are correct that the pending motions to dismiss are not fully briefed and were filed after the motion to stay, the record shows that Defendants filed earlier motions to dismiss and rather than filing opposition to the motions to dismiss, Plaintiffs filed their Amended Complaint. The Court finds some hardship to Defendants who have expended significant effort and expense drafting not one, but two motions to dismiss in this action.

Even if an MDL were established, a master complaint will not govern the action because master complaints cannot take the place of individual complaints unless all the parties consent, and Defendants have indicated that they will not consent to the use of a master complaint in the dicamba cases. See In re Mercedes-Benz Tele Aid Contract Litig., 257 F.R.D. 46, 56 (D. N.J. 2009) ("In the absence of such consent, the majority of courts treat consolidated complaints filed in multi-district litigations as a procedural device rather than a substantive pleading…."); see,

8

e.g., In re Vioxx Prods. Liab. Litig., 239 F.R.D. 450, 454 (E.D. La. 2006) ("[A] master complaint is only an administrative device used to aid efficiency and economy and, thus, should not be given the status of an ordinary complaint.").

Plaintiffs have not demonstrated sufficient hardship or inequity in being forced to move forward with the briefing of the motions to dismiss. See, e.g., Lockyer, 398 F.3d at 1112 ("being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*."). Whether the issues in the motions to dismiss are briefed in an MDL, or before this Court, they still have to be briefed. Thus, requiring Plaintiffs to defend against the motions to dismiss would not constitute a clear case of hardship or inequity to warrant a stay.

The Court also considers the potential prejudice to the parties. Plaintiffs contend that the stay requested is temporary and brief and that the formation of the MDL will moot any pending motions to dismiss. Defendants argue otherwise. Moving the case forward by having the motions to dismiss fully briefed and ready for adjudication by this Court or another court, will not prejudice either party. Indeed, if this Court rules on the motions to dismiss, the Court might resolve some claims for the JPML, or a subsequent transferee court. See Landers v. Monsanto Co., Cause No. 1:17 cv 20 SNLJ (ECF No. 20) (E.D. Mo. Aug. 17, 2017) (denying in part and granting in part motion to dismiss at to the unjust enrichment and civil conspiracy counts). The Court has an interest in securing the just, speedy, and inexpensive determination of every action. See Fed.R.Civ.P.1. Accordingly, denying a stay will not prejudice the parties.

As such, a stay of these proceedings will not cure the inefficiencies cited by Plaintiffs as instances of hardship or inequity in moving forward with the briefing of the motions to dismiss. The current briefing schedule for Defendants' motions to dismiss will be maintained. The

parties are to apprise the Court of any developments with respect to the January 25, 2018, hearing on the motion to transfer and consolidate and the JPML's subsequent ruling.

V.      **CONCLUSION**

Having considered the parties' submissions and arguments, the Court will deny Plaintiffs' motion for stay because the Court does not view a stay as necessarily achieving any efficiency for Plaintiffs or the Court. The Court finds that no justifiable reason exists for delaying the briefing on Defendants' motions to dismiss. While the Court appreciates Plaintiffs' desire to await a ruling from the JPML, the timing of the ruling on the MDL motion and the outcome is uncertain. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Stay Proceedings Pending Resolution of Motion for Transfer of Related Actions Pursuant to 28 U.S.C. § 1407 by the Judicial Panel on Multidistrict Litigation (ECF No. 60) is DENIED.

/s/ ***John M. Bodenhausen***
UNITED STATES MAGISTRATE JUDGE

Dated this 3d day of January, 2018.